**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL CASE NO.: 5:96CR9-V
RELATED CIVIL CASE NO.: 5:01CV120-V
NEW CIVIL CASE NO.: _____**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **LUCIOUS W. DAYE,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

    **THIS MATTER** is before the Court on Defendant's pro se "Memorandum Of Law Pursuant To Rule 52(b) Of The Federal Rules Of Criminal Procedure," filed April 7, 2005, and "Petitioner's Motion To Supplement Rule 52(b) Motion," filed May 6, 2005, which, together, the Court construes as a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. §2255.[1]

    More specifically, in his motion, Petitioner alleges that his conviction and sentence are contrary to the Due Process Clause of the Fifth Amendment to the U.S. Constitution under Apprendi v. New Jersey, 530 U.S. 466 (2000). *See also* Blakely v. Washington, 124 S. Ct. 2531 (2004); United States v. Booker, 125 S. Ct. 738 (2005).

    However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this is Petitioner's second (or third) motion to vacate, set aside, or correct sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

---

[1] There is no reason to provide Defendant an opportunity to challenge the Court's recharacterization of the filings since Defendant has already unsuccessfully submitted one §2255 petition and likewise sought permission from the Fourth Circuit pursuant to §2244 to file a successive §2255 petition. (Documents #134, #151); United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir.2002)(no notice required where recharacterization has no adverse impact on movant).

**IT IS, THEREFORE, ORDERED THAT:**

1) The Clerk of Court shall assign this matter a civil case number, treat the Defendant's filings of April 7th and May 6th of 2005 as a petition pursuant to 28 U.S.C. §2255;

2) Petitioner's Rule 52(b) Motion and Supplement, which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is hereby **DISMISSED** without prejudice as successive; and

3)  If, at some point, the U.S. Supreme Court deems <u>Booker</u> to be retroactive on collateral review, Defendant should renew his motion within the one year limitations period and be mindful of the limitations on second or successive petitions so that his petition is timely.  28 U.S.C. §2255.

**SO ORDERED.**

**Signed: August 16, 2005**

Richard L. Voorhees
United States District Judge